UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANSY WAPNER PIERRE,

    Petitioner,

v.                                 Case No: 2:14-cv-306-FtM-29CM
                                    Case No. 2:12-CR-130-FTM-29UA

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion for Reconsideration or in the Alternative Nunc Pro Tunc Sentence Without the Benefit of Career Criminal Status (Cv. Doc. #15; Cr. Doc. #65) filed on May 8, 2017. No response has been filed, and the time to respond has expired.

On April 24, 2017, the Court issued an Opinion and Order (Cv. Doc. #13) denying petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1) on the merits. More specifically, the Court found that the possession of cocaine conviction was not used as a basis for his career offender status, and further found that vehicle flight was a qualifying crime of violence under the sentencing guidelines. Petitioner now seeks reconsideration based on a new argument not previously raised.

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion.  <u>Region 8 Forest Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has already determined.  Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "It is well settled that a legal claim or argument that has not been briefed is deemed abandoned and its merits will not be addressed." <u>Kight v. IPD Printing & Distrib., Inc.</u>, 427 F. App'x 753, 755 (11th Cir. 2011) (citing <u>Access Now, Inc. v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004)).

Petitioner argues that the other predicate offense used for the career offender enhancement, namely, a robbery conviction from 2002, was more than 10 years old at the time of his sentencing on August 13, 2013, and therefore should not have been considered.

First, the Court finds that this argument is not timely presented because this is the first time the issue is being presented to the Court, and petitioner has not otherwise obtained permission to file a second or successive petition. 28 U.S.C. § 2255(f). For this reason alone, the motion will be denied. Alternatively, the motion is also denied on the merits.

The Indictment (Cr. Doc. #5) in this case charged that the instant offense began on or about June 15, 2011. For the predicate offense of robbery, petitioner was sentenced to 20.8 months of imprisonment on December 6, 2002. Under United States Sentencing Guidelines Manual § 4A1.2(e), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed **within fifteen years** of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S. Sentencing Guidelines Manual § 4A1.2(e) (emphasis added). As the robbery fell within this time period, there is no merit to petitioner's argument.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion for Reconsideration or in the Alternative Nunc Pro Tunc Sentence Without the Benefit of Career Criminal

Status (Cv. Doc. #15; Cr. Doc. #65) is **DENIED.**  A certificate of appealability is also denied.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of June, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA